```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO. 10-22243-CIV-GRAHAM
                              MAGISTRATE P. A. WHITE

PHILLIP G. BAGLEY,         :

       Plaintiff,          :

v.                         :        REPORT OF
                                    MAGISTRATE JUDGE
JOHN WILLIS , et al,       :

       Defendants.         :
_____
```

## I. Introduction

The pro-se plaintiff, Phillip Bagley, filed a civil rights complaint pursuant to 42 U.S.C. §1983, while confined in Everglades Correctional Institution.(De#1) The plaintiff alleges that the prison does not take care of chronically ill prisoners. The plaintiff seeks injunctive relief and monetary damages. The plaintiff is proceeding in forma pauperis.

This civil action is before the Court for an initial screening pursuant to 28 U.S.C. §1915.

## II. Analysis

A. Applicable Law for Screening

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

>  Sec. 1915 Proceedings in Forma Pauperis
>
>         *   *   *
>
>  (e)(2) Notwithstanding any filing fee, or

>        any portion thereof, that may have been paid,
>        the court shall dismiss the case at any time if
>        the court determines that –
>
>                     *   *   *
>
>        (B) the action or appeal –
>
>                     *   *   *
>
>        (i)  is frivolous or malicious;
>
>        (ii) fails to state a claim on which
>        relief may be granted; or
>
>        (iii) seeks monetary relief from a
>        defendant who is immune from such
>        relief.

This is a civil rights action Pursuant to 42 U.S.C. §1983. Such actions require the deprivation of a federally protected right by a person acting under color of state law. See 42 U.S.C. 1983; Polk County v Dodson, 454 U.S.312 (1981); Whitehorn v Harrelson, 758 F. 2d 1416, 1419 (11 Cir. 1985. The standard for determining whether a complaint states a claim upon which relief may be granted is the same whether under 28 U.S.C. §1915(e)(2)(B) or Fed.R.Civ.P. 12(b)(6) or (c).  See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell

v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry.  First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Twombly applies to §1983 prisoner actions.  See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008).  These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  Second, the Court must determine whether the complaint states a plausible claim for relief.  Id.  This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  The plaintiff is required to plead facts that show more than the "mere possibility of misconduct."  The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief."  When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

3

B.  <u>Factual Allegations</u>

The plaintiff names Warden John Willis, Dr. Carl Balmir, Claire Murphy, Physicians Assistant (PA), and Yolanda Lopez, Librarian, all employed at Everglades Correctional Institution.

He provides the Court with a background of his chronic ailments. He alleges inadequate medical attention beginning in 1971, outside of the four year statute of limitations, and during a period of time he was not confined in the Southern District of Florida. The plaintiff was released on parole from March 29, 2005 to September 22, 2006. He states that in June and July, 2009, he suffered macular degeneration, and was denied medical treatment as well as dental treatment, however he fails to specify where these claims took place.

He then chronicles his medical problems beginning upon his arrival at Everglades Correctional Institution, on August 14, 2009. (DE#1 p9) On August 25, 2009, although PA Murphy prescribed a 4000 calorie therapeutic diet, security officers did not permit him to receive the diet, despite attending diet call. He suffered weight loss and gastric issues.

Dr. Balmir and other health care providers have refused to acquire his records from outside medical authorities or his DOC records prior to his release on parole on March 29, 2005. He sought a specialist for his chronic diseases and back pain, but has been ignored. He claims he was refused back pain medication on multiple occasions. He complained to Balmir, who informed him he was scheduled for review. He claims a surgical corset prescribed by Murphy was not provided. He claims Murphy informed him that X-rays

4

showed he suffered from a mild degeneration of the vertebra and discs, but that she would need a request from Balmir for an appointment with a specialist. In February 2010, he was transferred to Lake Butler and claims he was missing paperwork upon arrival. He claims the missing paper work was in retaliation by Murphy for filing grievances against her for ignoring his pain. He requested an MRI, and although he states Balmir acquiesced, he has not yet received the MRI. He was denied footwear to assist in walking. He alleges chronic maladies including heart disease, COPD (a breathing illness) and drug induced hepatitis, all diagnosed in 1994. He claims Dr. Balmir said he would review his case. The plaintiff was seen by Dr. Balmir on March 24,2010, and a "permission pass" was granted. On June 3, 2010, he was seen by a nurse for dry cough and shortness of breath. His main complaint appears to be a denial of medication for his chronic pain.

His further claims he was denied access to courts. He claims that Librarian Lopez refused to seek research materials for him from other prisons. He states that the materials found in Everglades Correctional Institution are inadequate.

### C.  Analysis of Sufficiency of Complaint

The plaintiff is attempting to allege a denial of adequate medical treatment.  The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." Estelle v. Gamble, 429 U.S. 97, 102-03 (1976) (quoting Gregg v. Georgia, 428 U.S. 153, 173(1976)); see also Campbell v. Sikes, 169 F.3d 1353, 1363 (11 Cir. 1999). "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth

Amendment.'" McElligott v. Foley, 182 F.3d 1248, 1254 (11 Cir. 1999) (citation omitted). An Eighth Amendment claim contains both an objective and a subjective component. Taylor v. Adams, 221 F.3d 1254, 1257 (11 Cir. 2000); Adams v. Poag, 61 F.3d 1537, 1543 (11 Cir. 1995). First, a plaintiff must set forth evidence of an objectively serious medical need. Taylor, 221 F.3d at 1258; Adams, 61 F.3d at 1543. Second, a plaintiff must prove that the prison official acted with an attitude of "deliberate indifference" to that serious medical need. Farmer, 511 U.S. at 834; McElligott, 182 F.3d at 1254; Campbell, 169 F.3d at 1363. The objective component requires the plaintiff to demonstrate that he has been subjected to specific deprivations that are so serious that they deny him "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347 (1981); see also Hudson v. McMillian, 503 U.S. 1, 8-9 (1992).

In this case, the plaintiff alleges that he has multiple chronic medical issues. However, he has failed to demonstrate that medical staff continues to demonstrate deliberate indifference to his medical needs. P.A. Murphy had prescribed a therapeutic diet, and a spinal corset. She is certainly not ignoring his medical needs. Further, she informed him he has mild issues with his vertebrae and discs. As to Dr. Balmir, the plaintiff has clearly seen the doctor on multiple occasions, who informed him he was scheduled for a review.

Bagley's only claim minimally sufficient to allege deliberate indifference to his medical needs is the denial of medication for his chronic back pain. At this initial juncture it is impossible to determine whether Bagley, who was seen multiple times by

6

professional health care providers was denied medication for his pain.

As to Bagley's allegations of denial of access to the Court, he has failed to allege a sufficient claim. The right to have effective access to the courts includes reasonable access to a law library or adequate assistance from persons trained in the law, Bounds, supra; Straub v. Monge, 815 F.2d 1467 (11 Cir. 1987); Wainwright v. Davenport, 697 F.2d 992 (11 Cir. 1993.

Nevertheless, where a prisoner or detainee's claim that he has been denied access to the courts involves an alleged deprivation of access to resources other than Bounds' core concern of actual legal assistance, courts require him to demonstrate that he suffered an actual injury as a result. Chandler v. Baird, 926 F.2d 1057 (11 Cir. 1991), and cases cited at 1062 n. 3; see also, Strickler v. Waters, 989 F.2d 1375 (4 Cir. 1993), and cases cited at 1382 n. 10; Sands v. Lewis, 886 F.2d 1166 (9 Cir. 1989); Hoppins v. Wallace, 751 F.2d 1161 (11 Cir. 1985).

In other words, to prove a denial of access to the courts, a plaintiff must show "some quantum of detriment" caused by the challenged conduct of state officials, resulting in the interruption and/or delay of the plaintiff's pending or contemplated litigation. Jenkins v. Lane, 977 F.2d 266, 268 (7 Cir. 1992), quoting Shango v. Jurich, 965 F.2d 289 (7 Cir. 1992). To show "some quantum of detriment," the complaint must allege specific facts such as court dates missed, an inability to make timely filings, or the loss of a case that otherwise could have been won. Martin v. Davies, 917 F.2d 336, 338 (7 Cir. 1990), cert. denied, 501 U.S. 1208 (1991).

In this case, Everglades CI provides a law library however, there are regulations as to when it is available to the inmates, and the amount of hours per week each inmate is allowed. The plaintiff admits he is assigned a law clerk. The fact that the plaintiff finds this law library insufficient for his needs does not raise this claim to a constitutional violation.

Bagley's claim of retaliation fails to state a claim. He alleges that PA Murphy deliberately failed to send his medical records to Lake Butler in retaliation for his filing a grievance against her. There is no causal connection between the papers not reaching Lake Butler and the Physicians Assistant. It is not even apparent that Murphy was responsible for sending these records.

To establish a claim for retaliation, the plaintiff must demonstrate that a specific constitutional right was violated, and that the defendant intended to retaliate against him for exercising that right. Brewer v Simental, 268 SW 3d 763 (2008); Farrow v West, 320 F.3d 1235, 1248 (11 Cir. 2003) (prisoner must demonstrate a causal connection between his protected conduct and prison officials action). However, in this case, the claim of retaliation is too vague and conclusory to proceed, and should be dismissed.

Lastly, although Warden Willis was named as a defendant, the plaintiff makes no direct allegations against Willis. He cannot be sued for liability merely for an improper or even unconstitutional act of her employees under a theory of respondeat superior.  If a plaintiff sues a supervisor, there must be  proof that the alleged injuries resulted from an official custom, policy, or practice. Monell v. Department of Social Services, 436 U.S. 658, 694 (1978);

8

Mandel v. Doe, 888 F.2d 782 (11 Cir. 1989).  The plaintiff bears the burden of establishing a causal link between a government policy or custom and the injury which is alleged.  Byrd v. Clark, 783 F.3d 1002, 1008 (11 Cir. 1986)(citing Monell, supra).  See also; Ashcroft v Iqbal, supra. (Heightened pleading standard for supervisory liability) Warden Willis should therefore be dismissed.

### Recommendation III

1. The plaintiff's claims against Murphy and Balmir shall continue for inadequate medical treatment by failing to provide him with medication for his chronic pain.

2. The claim of retaliation against Murphy fails to state a claim and should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

3. The claims against Librarian Yolanda Lopez for denial of access to the Courts should be dismissed for failure to state a claim.

4. Claims against Warden Willis should be dismissed for failure to state a claim.

Service will be ordered by separate order.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated this 2nd day of September, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Phillip Bagley, Pro Se
 052938
 Everglades, CI
 Address of record